IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00779-PSF-BNB

BRITISH AIRWAYS PLC, a foreign corporation,

Plaintiff,

v.

AIRCRAFT SERVICE INTERNATIONAL, INC., a foreign corporation,
AIRCRAFT SERVICE INTERNATIONAL GROUP, INC., a foreign corporation, and
ASIG HOLDING CORP., a foreign corporation,

Defendants; and

AIRCRAFT SERVICE INTERNATIONAL, INC., a foreign corporation,

Third-Party Plaintiff,

v.

THE BOEING COMPANY, a foreign corporation,
WHITTAKER CONTROLS, INC., a foreign corporation, and
SWEENEY ENGINEERING CORP., a foreign corporation,

Third-Party Defendants.

---

## ORDER ON THIRD-PARTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS

---

This matter comes before the Court on the following three motions filed by the third-party defendants: (1) Motion for Summary Judgment filed by Third-Party Defendant Boeing Company ("Boeing") on January 7, 2005 (Dkt. # 32), (2) Motion for Judgment on the Pleadings filed by Third-Party Defendant Whittaker Controls, Inc. ("Whittaker") on January 28, 2005 (Dkt. # 46), and (3) Motion for Summary Judgment filed by Third-Party Defendant Sweeney Engineering Corporation ("Sweeney") on April

15, 2005 (Dkt. # 59). Third-Party Plaintiff Aircraft Service International, Inc. ("ASII") filed a separate response to each of these three motions. Each of the third-party defendants filed a reply in support of its motion.

On September 8, 2005, ASII filed an unopposed motion to dismiss its claims against Defendant Whittaker, which was granted on September 9, 2005, thus mooting Whittaker's motion for judgment on the pleadings.

The remaining motions are ripe for decision.

**PROCEDURAL BACKGROUND**

Plaintiff British Airways PLC, ("British Airways") filed its complaint in this case based on diversity jurisdiction on April 16, 2004, alleging that Defendant ASII and the other two named defendants, Aircraft Service International Group, Inc. ("ASIG") and ASIG Holding Corp. (ASIG Holding), two companies affiliated with ASII, are jointly and severally liable under theories of negligence, strict liability and breach of contract for damages that occurred to as a result of a fire that erupted on September 5, 2001 as a British Airways Boeing 777 aircraft was being refueled at Denver International Airport ("DIA").

Unfortunately, the fire not only caused damage to the British Airways' plane, but also severely burned Joao Rodriguez, the ASII employee conducting the refueling, who succumbed to his injuries on September 11, 2001. The beneficiaries of Mr. Rodriguez brought a wrongful death action in this Court against British Airways, ASII, ASIG, Boeing and Whittaker captioned *Tynker Clark v. British Airways, et al*, Civil Action No. 03-F-1010. In September 2004 that case was settled. On April 30, 2004, prior to

the settlement, this Court dismissed ASII from the *Clark* wrongful death action based on the fact that Clark's decedent was an employee of ASII and therefore the employer was protected from liability under the worker's compensation exclusivity defense.[1] It appears that British Airways is seeking damages in the instant case not only for damages to the aircraft, but also for amounts paid in connection with the settlement of the *Clark* case, as it alleges unspecified "special damages" (Complaint at ¶ 16) and references the *Clark* case (Complaint at ¶ 18).

On June 18, 2004, defendants filed their Combined Answer generally denying liability to British Airways, specifically denying that defendants ASIG and ASIG Holdings had any involvement in the refueling operations at DIA, and specifically denying that any of the defendants were involved in the design, manufacture or distribution of vehicle refueling trucks such as had been involved here (Answer and Counterclaim at ¶¶ 13-14). Defendant ASII, alone, filed a Counterclaim alleging negligence by British Airways in connection with the refueling operation, and seeking damages for the loss of its refueling truck and other unspecified "special damages." (Answer and Counterclaim at pp. 9-11).

On July 15, 2004, Defendants ASII, ASIG and ASIG Holdings, filed a Designation of Non-Parties at Fault (Dkt. # 12) identifying the following entities as parties whose percentage of negligence or fault should be considered: Boeing, the plane's manufacturer on the asserted basis that "[t]he design or manufacture of the subject

---

[1] In the same order, the Court denied the motion to dismiss filed by ASIG, finding that the plaintiff's complaint sufficiently set forth various averments of alleged wrongdoing by ASIG through its own acts and omissions. Order at 6-7.

aircraft may have been deficient;" Whittaker, "because it designed, manu-factured, distributed and/or sold the fueling nozzle and disconnect on the subject Boeing 777 aircraft" and these "components may have failed;" Sweeney, "because, upon information or belief, it designed and manufactured the fueling adapter and/or other related components on the subject Boeing 777 aircraft;" and Wyman-Gordon "because, upon information or belief, it cast the adapter flange and/or other related components for the Sweeney fueling adapter and/or other related components of the subject Boeing 777 aircraft." *Id.* at 1-2.

On October 14, 2004, ASII, alone, filed its Third-Party Complaint "pursuant to Fed.R.Civ.P. 14 (a)" alleging two causes of action against Boeing under theories of negligence and product liability (First and Second Causes of Action), three causes of action against Whittaker under theories of negligence, product liability and breach of warranty (Third, Fourth and Fifth Causes of Action), two causes of action against Sweeney under theories of negligence and product liability (Sixth and Seventh Causes of Action), and one cause of action against all three third-party defendants seeking contribution and/or indemnification based on alleged joint and several liability (Eighth Cause of Action). The third-party complaint does not allege any claims on behalf of ASIG or ASIG Holdings.

The damages averred in the first seven causes of actions of the third-party complaint are identical, consisting of loss of ASII's hydrant dispenser truck and its component parts, loss of use of the truck and lost profits, and other special damages including but not limited to the costs of settlement and defense of the *Clark* wrongful

death case.  *See* Third Party Complaint at ¶¶ 16, 23, 30, 36, 40, 48, 55.[2]   The damages sought under the Eighth Cause of Action are any amounts which may be assessed in favor of British Airways and against ASII in this case.  *Id.*, at ¶ 60.

Third-Party Defendants Boeing and Sweeney separately move for summary judgment on ASII's negligence and product liability claims against them on the grounds that the claims are barred by the applicable Colorado two-year statutes of limitations, C.R.S. § 13-80-102 (for negligence) and C.R.S. § 13-80-106(1) (for product liability).

The third-party defendants each also argue that ASII's claims for indemnity are barred by the application of Colorado common law and the claims for contribution are barred by the operation of Colorado's statutory contribution provisions.

In order to place these motions in perspective, the following undisputed facts are set forth.

**UNDISPUTED FACTS**

On September 5, 2001, while ASII employee Joao Rodriguez was refueling a Boeing 777 aircraft manufactured by Boeing and owned and operated by British Airways at Denver International Airport, a refueling hose disengaged when the hose broke lose at the adapter flange.[3]   After fuel vapors ignited, Rodriguez was critically

---

[2]  Given the types of damages alleged in these seven claims it is dubious whether these claims are properly brought under Rule 14(a), F.R.CivP.  That rule provides only for third-party claims against a person not party to the action, "who is or may be liable to third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  ASII's first seven claims, unlike its eighth claim, do not seek damages from the third-party defendants that British Airways is seeking from ASII, as British Airways is not making a claim against ASII for damages to a refueling truck or loss of profits.

[3]  Although ASII asserts that the precise cause of the accident has not been determined, *See* ASII's Response to Boeing's Motion for Summary Judgment at 1, there is no

injured. He died on the otherwise tragic day of September 11, 2001. There were no other personal injuries.

The fire damaged the aircraft's left wing and engine, but the aircraft was repaired and returned to service (Boeing's Motion at 2). The refueling truck, owned by ASII, was completely destroyed as a result of the fire. *Id.*

As a result of the accident and death of Joao Rodriguez, his beneficiaries brought the *Clark* wrongful death action against British Airways. On or about September 4, 2003, the plaintiff in the *Clark* case filed an amended complaint naming as additional defendants Boeing, Whittaker, ASII and ASIG. ASII was the decedent's employer. It appears from the record that ASII and ASIG filed only a motion to dismiss the plaintiff's complaint and did not file an answer or cross-claims to the Amended Complaint in the *Clark* case prior to the settlement.[4] By Order entered April 30, 2004, ASII was dismissed from the wrongful death action before the settlement under the exclusivity provisions of the Workers' Compensation Act of Colorado. Boeing asserts that ASII made no payment in connection with the settlement, and that what ASII apparently seeks to recover here is $75,000 contributed to the settlement by ASIG. (Boeing's Motion at 4, n.3). ASII has made no response to this assertion.

---

dispute that the hose disengaged from the flange when an adapter fractured. *See* Exhibit A to ASII's Response at 1.

[4] On January 30, 2004, ASII and ASIG did file an answer to British Airways cross- claim against them, asserting that the damages sought by British Airways were proximately contributed to or caused by the fault of other (Answer of ASIG and ASII to Cross-Claim of British Airways at 3), but did not assert any claims against the other defendants.

**SUMMARY JUDGMENT STANDARDS**

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Intl' Corp.,* 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate under F.R.Civ.P. 56(c) if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See also Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). When applying this standard, the court reviews the pleadings and the documentary evidence in the light most favorable to the nonmoving party. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In addition, "'where the nonmoving party will bear the burden of proof at trial on a dispositive issue' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) quoting *Celotex,* 477 U.S. at 322.

To determine whether summary judgment may be granted in this case, the Court must apply the substantive law of the State of Colorado, as the case is in this Court under its diversity jurisdiction and the underlying events occurred in Colorado. *See*

*Freightquote.Com, Inc. v. Hartford Casualty Insurance Co.,* 397 F.3d 888, 892 (10th Cir. 2005).

**ANALYSIS**

### A. The Negligence and Product Liability Claims

The third-party defendants argue that ASII's claims against them for negligence and product liability, alleging damage to ASII's truck and damages relating to the wrongful death suit, are time-barred because they were brought more than two years after the causes of action arose. There is no dispute that ASII's negligence claims are governed by the Colorado two-year statute of limitations, C.R.S. § 13-80-102(1)(a) and (b), and that the product liability claims are governed by the Colorado two-year statute of limitations, C.R.S. § 13-80-106(1). The third-party defendants contend that ASII's direct claims accrued on September 5, 2001, the date of the accident, or certainly no later than October 14, 2002, and that by waiting to file until October 14, 2004 ASII's claims are too late and should therefore be dismissed as a matter of law.

ASII argues in its response that the statute of limitations did not run on its negligence and product liability claims because "[u]nder the 'discovery rule,' a cause of action does not accrue until a party is aware of, or through the exercise of reasonable diligence should have discovered, the conduct upon which the claim is based." ASII's Response to Boeing's Motion at 6. ASII claims that such a "discovery" is a question of fact to be resolved by the fact finder and not the trial judge, thus making summary judgment inappropriate. *Id.* citing C.R.S. § 13-80-108(1) and *Mastro v. Brodie*, 682 P.2d 1162, 1169 (Colo. 1984). ASII further asserts that its causes of action for its

negligence and product liability claims did not accrue until the date the *Clark* wrongful death action was filed on June 3, 2003, because this was allegedly the first time ASII had notice that the third-party defendants were potentially at fault, and thus it timely filed its third-party complaint within two years thereafter.  *Id.* at 6.

Although ASII is correct that the issue of whether the statute of limitations bars a particular claim is usually a fact question, Colorado cases also hold that "if the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the injury and its cause as of a particular date, the issue may be decided as a matter of law."  *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 159 (Colo. App. 1995); *see also Liscio v. Pinson,* 83 P.3d 1149, 1153 (Colo. App. 2003).

C.R.S. § 13-80-108(1) provides in pertinent part that a "a cause of action for injury to . . . property . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  This accrual statute applies to both the negligence and product liability claims.

In the context of a claim for damages resulting from the negligent manufacture of a product, the accrual statute appears to have been interpreted to mean that "the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another."  *Salazar v. American Sterilizer Co.*, 5 P.3d 357, 363 (Colo. App. 2000).  In the context of a medical

malpractice claim, the courts have held that a "plaintiff need not know the specific acts of negligence committed by the defendant or the details of the evidence necessary to prove the claim." *Liscio, supra,* 83 P.3d at 1153. And in a case cited by ASII, it has been held that it is enough that a plaintiff "knew, or may reasonably be charged with knowledge of, sufficient facts to be aware that a claim existed more than two years before it was filed" for a cause of action to accrue, quoting *Mastro, supra,* 682 P.2d at 1169.

As the court found in *Salazar, supra*, mere "suspicion of a possible connection" may not put a person on notice of a claim. 5 P.3d at 363. Thus, when the plaintiff in *Salazar* first received a report in January 1993 possibly connecting her illness to the alleged defective product, she was not then put on notice. *Id.* at 364. Rather the statute of limitations was found to commence in September 1993, when plaintiff learned of a causal connection. *Id.*

It appears from the record in the instant case that while ASII certainly knew of its loss of its truck on the date the fire occurred, ASII may not have known the cause of the fire on that date. But, soon thereafter it was put on notice of the likely cause, and therefore ASII discovered, or reasonably should have discovered, the cause of its injury at that point in time. ASII admits that it "knew that a fuel adapter fractured in the accident [and] that it sustained injury on September 5, 2001." ASII's Response to Sweeney's Motion at 2. ASII also knew, no later than September 11, 2001, about the injury and subsequent death of its employee. In addition, a news article from September 11, 2001, shows it was widely known that the adapter lugs, or tabs, had

10

fractured and that Boeing had requested aircraft operators to inspect their refueling adapters.  *See* Exhibit A to Affidavit of Brendan Murphy at ¶ 2, attached as Exhibit 2 to Boeing's Reply.  Moreover, ASII's own representative, Terry Decker, attended a meeting at DIA on September 15, 2001, to determine why the tabs of the refueling adapter on the Boeing aircraft fractured, thus causing the fire.  *See* Declaration of Simon Lie at ¶¶ 4-5, attached as Exhibit 1 to Defendant Boeing's Reply.

In addition, the evidence shows that on February 11, 2002, ASII hired a metallurgical expert to investigate and analyze the cause of the refueling accident. By February 13, 2003, ASII had received a report from its retained expert suggesting that the causes of the flange failure advanced by Boeing were not correct.  *See* Affidavit of Stanley Sangdahl, Exhibit B to ASII's Response to Sweeney Motion, at 2-3.  Yet certainly before then ASII has a strong inkling that the third-party defendants may be implicated in the accident.  Indeed, ASII fails to even argue that the report issued on February 13, 2003 was the triggering notice.

Although ASII claims to not have known that Boeing or Sweeney were potentially at fault until June 3, 2003, in this Court's view the filing of the *Clark* wrongful death case in June 2003 did not suddenly alert ASII that the loss of its truck on September 5, 2001 was attributable to others.  The filing of the *Clark* wrongful death suit in June 2003 did not even involve the third-party defendants named in this case.

Unlike the medical malpractice case cited by ASII, where the fact of injury and its cause may be hidden for long periods of time, the fire here was sudden and obvious and the loss was immediately apparent on the date of the accident.  Shortly afterwards,

ASII was on notice of the likely cause of the fire. It hired experts to investigate the cause of the fire. It learned that Boeing's explanation was questioned by its own experts.

Here the Court finds that there is sufficient undisputed evidence to show that ASII knew, or should have known, more than two years before it filed its third-party negligence and product liability claims on October 14, 2004, and within two years of its alleged loss, that it may have claims for the loss of its truck against the third-party defendants.

Accordingly, the third-party defendants' motions for summary judgment as to the negligence and product liability claims must be granted.

### B. Indemnity and Contribution

In its Eighth Cause of Action, ASII alleges that it has been named as a defendant in this lawsuit by British Airways, "alleging property damage and loss of use of the subject Boeing 777-236 aircraft as a result of the incident." Third-Party Complaint at ¶ 57. ASII does not expressly allege that British Airways is seeking damages from it for any of the "special damages" mentioned in British Airways' Complaint, which appear to relate to costs incurred in connection with the *Clark* wrongful death lawsuit. This may be due to the fact that ASII has already been found immune from such damages under the worker's compensation exclusivity doctrine.[5] On the other hand, ASII's response in opposition to Boeing's motion suggests that Boeing may be liable to ASII in whole or in

---

[5] Despite the fact that British Airways is not an employee seeking damages, the workers' compensation exclusivity defense available to ASII would appear to apply to any claim against ASII for reimbursement of amounts paid by British Airways to ASII's employee. *See Williams v. White Mountain Const. Co., Inc.,* 749 P.2d 423, 427-28 (Colo. 1988).

part for "ASII's settlement of the underlying wrongful death claim."  ASII's Response at 7.[6]

In any event, the relief sought by ASII in the Eighth Cause of Action is indemnification and contribution from the third-party defendants "for any amount of damages which may be assessed in favor of British Airways, Plc., and against ASII" wholly separate and apart from damages sought in the First through Seventh Causes of the third-party complaint.  Third-Party Complaint at ¶ 60.

The third-party defendants move for summary judgment on this Eighth Cause of Actions arguing that Colorado has abolished non-contractual indemnity among joint tortfeasors, citing to *Brochner v. Western Insurance Company*, 724 P.2d 1293, 1299 (Colo. 1986).  Because there is no contract providing a right of indemnity between themselves and ASII, defendants argue ASII's request for indemnity should be dismissed.  They also assert that ASII has no right of contribution under the Colorado statutory scheme.  Defendant Boeing's Motion for Summary Judgment at 6-8; Defendant Sweeney's Motion at 10-16.

ASII, relying on its reading of the *Brochner* case, responds by claiming it is entitled to indemnification from the third-party defendants and/or contribution from the third-party defendants as joint tortfeasors.  ASII Response to Boeing's Motion at 7-9.

Although the parties cite to various cases supporting their respective positions, this Court finds that the resolution to the issue is found in the decision of the Colorado

---

[6] The factual underpinnings for such a claim by ASII are murky at best as the record in the *Clark* case reflects that ASII was dismissed from the case and made no payment towards the settlement, as distinguished from its workers' compensation obligations.

Supreme Court in *Brochner*, *supra*. That opinion surveyed the change in Colorado law resulting from the adoption by the Colorado Legislature of a version of the Uniform Contribution Among Tortfeasors Act, codified at C.R.S. § 13-50.5-101 *et seq.* The Court stated that "the General Assembly's adoption of the principle of contribution among joint tortfeasors invites, if it does not require, reconsideration of the doctrine of indemnity between joint tortfeasors." 724 P.2d at 1298.

Because the adoption of the statute rendered joint tortfeasors subject to contribution based upon their relative degrees of fault, the court found the existing rule of indemnity "at odds" with this new principle. *Id.* Thus the court concluded that "the doctrine of indemnity insofar as it requires one of two joint tortfeasors to reimburse the other for the entire amount paid by the other as damages to a party injured as the result of the negligence of both joint tortfeasors, is no longer viable, and is hereby abolished." 724 P.2d at 1299. Based on this clear holding, ASII's claim for indemnification from the third-party defendants must be dismissed.

The *Brochner* decision states that it is not addressing indemnity situations where a party seeking indemnity has been held "vicariously liable," such as a case where an employer is held liable for the negligence of an employee solely under the doctrine of *respondeat superior*. *See* 724 P.2d at 1298, n. 6. In the present case, the claims of British Airways against ASII do not appear to be based on a theory of vicarious liability but rather on the direct liability of ASII itself.

*Brochner* also states that it is not addressing a situation where the party seeking indemnity has been held liable "without fault." *Id.* Although ASII appears to argue that

this exception from the rule announced in *Brochner* may apply to it (*see* ASII's Response to Boeing's Motion at 8), there is no apparent theory on which ASII can be held liable to British Airways without establishing fault on the part of ASII.

Accordingly, ASII's claims for indemnification against the two remaining third-party defendants must be dismissed.

The Court reaches the same result with respect to ASII's claims for contribution. Colorado's contribution statute provides, in pertinent part: "The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share."  C.R.S. § 13-50.5-102(2).  "The relative degrees of fault of the joint tortfeasors shall be used in determining their pro rata shares."  C.R.S. § 13-50.5-103. In addition, Colorado's fault apportionment statute provides in pertinent part:

> 1) In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss . . . .
>
> (2) The jury shall return a special verdict, or, in the absence of a jury, the court shall make special findings determining the percentage of negligence or fault attributable to each of the parties and any persons not parties to the action of whom notice has been given pursuant to paragraph (b) of subsection (3) of this section to whom some negligence or fault is found and determining the total amount of damages sustained by each claimant. The entry of judgment shall be made by the court based on the special findings, and no general verdict shall be returned by the jury.
>
> (3)(a)  Any provision of the law to the contrary notwithstanding, the finder of fact in a civil action may consider the

> degree or percentage of negligence or fault of a person not a party to the action . . . in determining the degree or percentage of negligence or fault of those persons who are parties to such action.

C.R.S. § 13-21-111.5(1), (2) and (3)(a).

As the third-party defendants correctly argue, the effect of the adoption of the joint tortfeasor contribution act eliminated joint and several liability and adopted a several liability scheme wherein a tortfeasor is responsible only for the portion of the damages that he caused. *See generally Slack v. Farmers Ins. Exchange*, 5 P.3d 280, 284 (Colo. 2000). While it is true, as ASII argues, there are cases holding that a tortfeasor who pays more than his proportionate share of liability may recover from other tortfeasors, citing to *Watters v. Pelican International, Inc.*, 706 F. Supp. 1452, 1455-56 (D. Colo. 1989) and *Graber v. Westaway*, 809 P.2d 1126, 1128 (Colo. App. 1991), such cases do not involve situations where the joint tortfeasors are named as non-parties at fault. *See Watters, supra*, 706 F. Supp. at 1454 ("The issue before the court is whether, as a matter of law, the Proportionate Fault Statute prevents parties from stating a claim for contribution *when they have failed to formally designate a non-party at fault* in the underlying action.") (emphasis added); *Graber, supra,* 809 P.2d at 1129 ("Because of the above conclusion, the issue arises whether Graber's failure to designate Westaway as a non-party at fault bars his post-settlement third-party contribution claim. We conclude that it did not.").

In the instant case, ASII timely designated each of the third-party defendants as a potential non-party at fault, asserting as a theory for their potential fault essentially the same theories on which ASII later filed its third-party claims. As such, the fact finder in

this case will be required under the Colorado pro-rata liability scheme to apportion fault among all the parties and non-parties found liable. ASII, therefore, will not be liable for more than its proportionate share of fault, if any. Under Colorado law, a defendant in an action brought as a result of injury to person or property may reduce the amount of damages for which the defendant will be liable by demonstrating another person's fault, without that person necessarily being joined as a defendant. *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 536 (Colo. 1997). If ASII is found to be free of fault, it will not bear any liability for fault attributable to the third-party defendants. The fact that British Airways has not named these third-parties as defendants will not affect the amount of liability, if any, assessed against ASII. Any fault assessed against the non-parties at fault will result in a judgment reduction under C.R.S. § 13-21-111.5(2) and not a shift of liability to ASII. Thus, ASII will not be held liable for more than its proportionate share of liability and its claims for contribution against these third-parties must be dismissed accordingly.

**CONCLUSION**

For the reasons stated above, the motion of Third-Party Defendant Boeing Company for Summary Judgment (Dkt. # 32) is GRANTED in all respects and Boeing is dismissed from this case.

For the reasons stated above, the motion of Third-Party Defendant Sweeney Engineering Corporation for Summary Judgment (Dkt. # 59) is GRANTED in all respects and Sweeney is dismissed from this case.

For the reasons stated above, the Motion of Third-Party Defendant Whittaker Controls, Inc. (Dkt. # 46) is DENIED as moot.

DATED: September 16, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge